16302

BREELAND v. COLLETON COUNTY ET AL.

(57 S. E. (2d) 63)

148

Messrs. John M. Daniel, Attorney General, T. C. Callison and R. Hoke Robinson, Assistant Attorneys General, all of Columbia, for Appellant, and Mr. D. R. McLeod, of Columbia, of Counsel,

Mr. Henry H. Edens, of Columbia, for Respondent,

January 3, 1950.

STUKES, Justice.

This appeal from a judgment of the Circuit Court affirming a death award of workmen's compensation by the Industrial Commission challenges only the mathematical accuracy of the weekly benefit payments. The deceased was a school bus driver who suffered fatal injuries by compensable accident. It was admitted that his salary was $75.00 per month and that the school term was nine succesive calendar months.

The employer and carrier contended that the total term salary of $675.00 should be divided by thirty-nine weeks which results in a weekly wage of $17.31 and 60% thereof, $10.39, should be paid weekly for 350 weeks in compliance with section 7035-41 of the Code. It was agreed in argument before us that the average nine calendar months period is comprised of thirty-nine weeks. But without discussion the hearing commissioner awarded $11.25 per week which appears to have been arrived at by considering the salary of the deceased to have been earned in a period of thirty-six weeks. Dividing the total annual earnings of $675.00 by thirty-six gives $18.75, 60% of which is $11.25.

The governing statute is Code Sec. 7035-2(e) which was cited by the commissioner and the following, applicable portion was quoted:

"Where the employment prior to the injury extended over a period of less than fifty-two weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed; * * *."

Upon review by the full commission the award was affirmed by the majority without stating any reason for overruling the employer's contention.

The employer and carrier preserved their position by appeal to the court which also affirmed upon the ground that it is well known that schools close for two weeks at Christmas, two or more days for the State Teachers' meeting and other holidays which easily amount to three weeks of the

school year when the deceased bus driver would have nothing to do, and resort was had to the consideration that the award was "just and fair".

In support of the latter respondent argues the following provision of the cited Code section which occurs after the specific rules for the calculation of the average weekly wage:

"But where for exceptional reasons the foregoing would be unfair, either to the employer or employee, such other method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury."

However, the award was not based upon exceptional reasons and none appears. Saturdays and Sundays could as well have been deducted from the work period as the Christmas vacation, and the average wage thereby artifically increased.

The error of the commission appears too plainly to require further discussion. There is no ambiguity in the statute here applicable. There is no doubt of the meaning of the words, quoting again, "Where the employment prior to the injury extended over a period of less than fifty-two weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed * * *." Unquestionably, the result is fair and just and the prescribed method should have been applied in this case.

The award and the judgment affirming are reversed and the case remanded to the Industrial Commission for issuance of a corrected award which will accord with the view herein expressed.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.